**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1341**

———————

MATTHEW THOMAS PARKINS, by and through Andrew Turner, his next of friend and Guardian ad Litem; MATT PARKINS, individually,

        Plaintiffs – Appellants,

    v.

HENRY DARGAN MCMASTER; MICHAEL LEACH; ROBERT KERR; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, a/k/a SCDSS; TOMEKIA MEANS; CALVIN HILL; SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, a/k/a DHHS; JOSHUA BAKER; ALTHEA MYERS; SOUTH CAROLINA DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS, a/k/a DDSN; PATRICK J. MALEY; LAURENS COUNTY DISABILITIES AND SPECIAL NEEDS BOARD, a/k/a LCDSNB; UNION MEDICAL CENTER, a/k/a UMC; TONYA RENEE WASHINGTON, MD; JAN BRADLEY; JOHN ROE; JANE ROE; SOUTH CAROLINA; OFFICE OF THE GOVERNOR; MICHELLE GOUGH FRY; SPARTANBURG REGIONAL HEALTH CARE SYSTEM,

        Defendants – Appellees.

———————

Appeal from the United States District Court for the District of South Carolina at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:21-cv-02641-HMH)

———————

Submitted: August 7, 2024                         Decided: October 15, 2024

———————

Before WILKINSON, KING and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Patricia Logan Harrison, Cleveland, South Carolina, for Appellants. Perry D. Boulier, Joshua T. Thompson, BOULIER THOMPSON & BARNES, LLC, Spartanburg, South Carolina, for Appellees Spartanburg Regional Health Care System; Union Medical Center; Tonya Reese Washington, M.D.; and Jan Bradley. Patrick J. Frawley, DAVIS FRAWLEY, LLC, Lexington, South Carolina, for Appellees Michael Leach, Calvin Hill, and Tomekia Means. William H. Davidson, Kenneth P. Woodington, DAVIDSON & WREN, P.A., Columbia, South Carolina, for Appellees Joshua Baker, Robert Kerr, SCDHHS, Patrick Maley, SCDDSN, and Laurens County DSN Board. Thomas A. Limehouse, Jr., Chief Legal Counsel, Wm. Grayson Lambert, Senior Litigation Counsel, OFFICE OF THE GOVERNOR OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees Governor McMaster and the Office of the Governor.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Thomas Parkins ("Parkins") appeals the district court orders dismissing some claims and granting judgment against him as to all other claims. In what appears to be a recurring theme of Parkins' attorney, the original complaint cited vague and sprawling allegations giving rise to numerous state and federal claims against over two dozen defendants ranging from individual providers to the Governor of South Carolina and from local agencies to the South Carolina agency charged with overseeing the Medicaid waiver program. The district court methodically considered each claim, eventually granting Rule 12(b)(6) or 12(c) dismissals as to some claims and Defendants and Rule 56(a) summary judgment as to the remaining claims and Defendants. Parkins now appeals, and for the reasons set out below, we affirm.

I.

Parkins, who is in his twenties, is enrolled in South Carolina's Medicaid waiver program as a result of an adrenal disorder that has affected his cognitive and physical development. He has limited ability to ambulate without the assistance of a wheelchair and requires daily medication without which he may suffer domino-effect complications. As an enrollee in the Medicaid waiver program, Parkins is able to avoid institutionalized care

3

and receive services in his home.[1] Since enrolling in the waiver program, Parkins has lived with his father, who has provided some of those services.

In mid-April 2018, individuals at Parkins' school observed that he had unexplained bruises on his thighs. Consistent with state law, they reported their concerns to local law enforcement who followed up by calling in the South Carolina Department of Social Services ("DSS") to investigate suspected abuse. DSS employee Tomekia Means was assigned to investigate further, but in the interim local law enforcement placed Parkins in emergency protective services and transported him to Union Medical Center ("UMC") for care. At UMC, Dr. Tonya Renee Washington was charged with caring for Parkins.

Two days after Parkins was placed in emergency care and transferred to UMC, a state family court judge determined probable cause existed to retain custody of Parkins while DSS investigated. The state court ordered an expedited investigation and set a merits hearing for the following month. The court simultaneously authorized DSS to maintain custody of Parkins and to provide any requisite care during that time.

Five days before the scheduled merits hearing in state court, Parkins was returned to his father's custody because DSS had completed its investigation and concluded that there was insufficient evidence of abuse or neglect to remove him from the home for a longer period. Thereafter, the state court canceled the scheduled merits hearing and dismissed the matter.

---

[1] The Medicaid waiver program was established under 42 U.S.C. § 1396n(c) and is administered by the South Carolina Department of Health and Human Services ("DHHS").

4

In 2021, Parkins filed a seventy-two page complaint in state court alleging numerous claims against over two-dozen defendants that can be broadly sorted into four categories: (1) claims challenging how South Carolina agencies and officials run the Medicaid waiver program; (2) claims alleging that Parkins was improperly placed in emergency protective custody in the first instance; (3) claims alleging a failure to provide adequate notice to and coordination with Parkins' family members and regular treating physicians to ensure proper medical and non-medical care during the DSS investigation; and (4) claims alleging that during the DSS investigation, various defendants conspired to disenroll Parkins from the Medicaid waiver program and transfer him to institutionalized care.[2] After the Defendants removed the case to the U.S. District Court for the District of South Carolina, the district court ordered Parkins to file an amended complaint that complied with the "short and plain statement" standard and identified with specificity the allegations against each defendant as to each claim. *See* Fed. R. Civ. P. 8(a). The amended complaint pursued the above theories of relief, with some variations, by alleging (1) violations of Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act; (2)

---

[2] Parkins is named as a plaintiff "by and through Andrew Turner, his next of friend and Guardian ad Litem." J.A. 120. Parkins' father (Matt Parkins) is also a named plaintiff who has raised a number of claims arising from the same underlying events alleging violations of his own rights. For simplicity, the opinion refers to all claims in this suit as being brought by Parkins.

violations of § 1983 (arising from violations of the ADA and due process clauses of the United States Constitution); (3) civil conspiracy; and (4) gross negligence.[3]

As noted, the district court issued multiple orders disposing of claims and Defendants, eventually dismissing or granting judgment to all Defendants as to all claims. *Parkins ex rel. Turner v. South Carolina*, No. CV 7:21-2641-HMH, 2022 WL 524895 (D.S.C. Feb. 22, 2022) (Rule 12(b)(6) motion to dismiss and Rule 12(c) motion for judgment on the pleadings); 2022 WL 610398 (D.S.C. Mar. 1, 2022) (Rule 54(b) motion to reconsider); 2022 WL 19333417 (D.S.C. Apr. 5, 2022) (Rule 54(b) motion to reconsider); and 2023 WL 2248325 (D.S.C. Feb. 27, 2023) (Rule 56(a) motion for summary judgment).

Parkins noted a timely appeal, and the Court has jurisdiction under 28 U.S.C. § 1291.

II.

In his opening brief, Parkins raises sweeping and conclusory arguments alleging a vast conspiracy between the defendants, casting aspersions on how the South Carolina Medicaid waiver program is run and attempting to connect this broader scheme to how Parkins was allegedly treated during his emergency placement into DSS custody. We have carefully reviewed the briefs' arguments and the district court's orders, and find almost no

---

[3] Parkins has not purported to challenge the dismissal of additional claims; because those claims are therefore not before us on appeal, we do not discuss them further.

nexus between the arguments on appeal and the bases for the district court's resolution of each claim. In short, with one debatable exception, the opening brief fails to grapple with the grounds the district court relied on to dismiss the claims. As such, Parkins fails to articulate a basis for reversing the unfavorable judgments. Under our clear precedent, this constitutes waiver and forecloses review on the merits of the arguments advanced on appeal. *See United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 199 (4th Cir. 2022) (stating that a party waives appellate review of a claim when the opening brief "does not dispute the district court's [dispositive] finding[s]"); *Grayson O. Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)); *see also Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 256–57 (4th Cir. 2022) (concluding appellants' arguments were waived where the brief "presented no basis for reversing the judgment below").

To the limited extent the opening brief does not waive appellate review of the district court's decisions, we affirm the district court and find no reversible error. The opening brief asserts that the district court applied the wrong standard of care in considering the gross negligence claim. Specifically, it contends that the district court erred by holding defendants to "slight care" when they should have been held to "reasonable care." *See* Opening Br. 61. Even though this argument is likely preserved for merits review, it is squarely foreclosed by binding circuit precedent. *See Timpson*, 31 F.4th at 255 (holding that under the South Carolina Tort Claims Act—which provides the exclusive remedy for

torts against governmental actors—only gross negligence claims can proceed, and that claim requires "*the failure to exercise slight care*" (cleaned up) (emphasis in original)).

We highlight this particular issue as a preserved, but foreclosed, argument because it calls to the forefront a defalcation present in this case that we have seen before with Parkins' counsel. Not only is counsel responsible as a general matter for knowing binding precedent when briefing matters before this case, but named counsel, Patricia Logan Harrison, had a particular reason for knowing about our holding in *Timpson*: she was also named counsel in that case. Yet the opening brief in this case reiterates nearly the same argument she made in *Timpson*, relying on the same case, without acknowledging that we rejected this argument in *Timpson* and without caveating her argument as an attempt to preserve an issue that is nonetheless precluded by existing precedent. Instead, the brief presents it as an open question. Equally troubling, this is not the first case in which Harrison's conclusory arguments on brief have failed to challenge the grounds on which the district court ruled against her clients, and thus have resulted in waiver of most if not all of an appeal. *See Stogsdill v. S.C. Dep't of Health & Hum. Servs.*, No. 22-1069, 2023 WL 3845313, at *2 (4th Cir. June 6, 2023); *Timpson*, 31 F.4th at 256–57. Nor are we the only court to express concern about Harrison's scattershot approach to litigation and her persistence in pressing foreclosed and dubious arguments. *Estate of Valentine ex rel. Grate v. South Carolina*, C/A No. 3:18-00895-JFA, 2022 WL 943062, at *9–11 (D.S.C. Mar. 29, 2022) (sanctioning Harrison).

Though we have reservations about whether counsel's conduct complies with her ethical duties when practicing before the Court, we have elected not to *sua sponte* refer

8

counsel for potential disciplinary action at this time. *See* Fed. R. App. P. 46; Fourth Circuit Local Rule 46(g). But we hereby admonish Harrison that any future filings before the Court following this pattern may result in referral for disciplinary proceedings pursuant to Rule 46(b)–(c) and Local Rule 46(g). Her current method of representing her vulnerable clients does them a significant disservice.

For the reasons set out above and as articulated in the district court's various orders in this case, we affirm the decisions and judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*